Document - 1                                   **Claim for Damages**

FILED

AUG 15 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



JCS

**Alivia J. Stricklin**
P.O. Box 1495
Monterey, CA 93940
Email: jason21jeneen5194@yahoo.com
(209) 992-6527
(831) 392-6368

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

# CV 17 4733

**Alivia J. Stricklin, Pro Per**

Plaintiff

v.

**THE UNITED STATES OF AMERICA,** a governmental entity; **DEPARTMENT OF THE US NAVY,** a governmental entity; **NASA AMES RESEARCH,** a governmental entity, **Jack Henry Glazer**, a governmental entity (decedent)

Defendants

Case No.:
. **(FTCA) 28 U.S.C. 1346(b)**

General Negligence; Freedom of Information and Privacy Act of 1974 and 1977

Public Entity Negligence; Department of the Navy Hazing and Ames Research; Duty to Avoid Misuse of Non Public Information

Deparivation of Federal Civil Rights (48 U.S. C. 1983)

CONTENTS

I.        INTRODUCTION

II.       STATEMENT OF RELEVANT FACTS

         A. Act of Government Interference with Labor /Employment...unlawful
            against Plaintiff Alivia J. Stricklin

         B. Legal transgression under the Freedom of Information Act (FOIA)

         C.  Public Entities Directly Surpassing Authority and Privacy Act Laws 1974
            and 1977

         D. Taking of Employment and Economic Rights, clearly established as
            Constitutional and Unfair Competition Law

         E.  Military Hazing of Enlisted Personnel, Government Misuse of Resources

            F.  As A Direct Result of Privacy, Employment and Unfair
               Competition...The  Defendants, officers and agents have failed to avoid
               consequences of senior employment negligence, carelessness...in the
               course and scope of his/her employment .

III.      CAUSES OF ACTION

FIRST     CAUSE OF ACTION ( General Negligence)

         Freedom of Information and
         Privacy Act of 1974 and 1977, Violation of federal enforcement
         Custody of private information, due to identifiable information recklessness
         Unfair Competition Lawlessness

SECOND    CAUSE OF ACTION (Public Entity Negligence)
         Department of the US Navy, Dereliction of Duty, Hazing
         Ames Research, Moffat Field, CA – Duty to Avoid Misuse
         Of Non Public Information.

THIRD     CAUSE OF ACTION (Deprivation of Federal Civil Rights)
         (48U.S.C. 1983)

## TABLE OF AUTHORITIES

**CASES**

Kinsey v. Macur

(1980) 107 Cal. App. 3d 265, 165 Cal. Rptr. 608 107 Cal. App. 3d 265, 272

Prosser, Supra Note 2 Statute 129, at 915

Intentional Interference with Business Relations, 3 Rutgers L. Rev. 277 (1949)

Settimo Associates v. Environ Systems, Inc. (1993), 4 Cal. App 4th 842, 845

 [17 Col. Rptr. 2d 757]

Seely v. White Motor Co. (1965)

East River Steamship Corp v. TransAmerican Delval Inc. (1986)

Dillon v. Legg 68 Cal. 2d 728 (1968)

Albright v. United States (D.C. Cir. 1980) 631 F.2d 915, are discussed in Statute 185.32[3] [b]

Grossman v. State Bar, 18 Cal. 3d 125, 132 Cal. Rptr. 675, 553 P.2d 1147 (1976)

Doyle v. State Bar, 15 Cal. 3d 973, 126. Cal Rptr. 801, 544 P. 2d 937 (1976)

Himandri v. Judkins (1997) 52 Cal App. 4th 326, 348 [60 Cal. Rapt. 407, 598 P. 2d 60}

**STATUTES**

28 U.S.C. Statute 1346(b) FTCA and CA. Gov't Tort Claims Act Statute 810 et seq. (CGTCA)

107 Cal. App. 3d 265, 270

107 Cal. App. 3d 265, 272

CA Civil Code Sections 1798.29 and 1798.82

CA Penal Code Sections 630-638

Freedom of Information Act (FOIA)

Information Practices Act of 1977

Privacy Act of 1974  (5 U.S.C.S Statute 552a) and U.S.C.S. Statute 552a(a) (4)

United States Code Title 10, Section 892, Article 92

42 U.S.C. 1981

28 U.S. C. Statute 530 B

**OTHER AUTHORITIES**

Section 359501 of Title 5 of the Code of Federal Regulations

Fordham Law Review, Hall; Supra Note 9, Standing of Intervener-Defendants in Public Law Litigation, 80 Fordham L. Rev. 1539, 1564-66

1992 Version of Rule 5.7 (rescinded in 1994) Responsibilities Regarding …Related Services

State Bar of California, 66 Cal 2d 680, 58 Cal. Rapt. 564, 427 P.2d 164 (1967)

DOD 5500 7-R

Statute 5:2 The Attorney's Estate, Legal malpractice 2012 Edition by Ronald E. Mallen of the California Bar and Jeffrey M. Smith of Georgia Bar, V1-Pt.-3, Chapter 5 Vicarious Liability

The Violence Against Women Act (2000, 2005, and 2013)

Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act

**REGULATIONS**

5 CFR Part 731

CFR 731.202 (Suitability)

5 CFR 302.203 (fitness)

28 C.F.R. Statute 77

## I.        INTRODUCTION

1.        Plaintiff Alivia J. Stricklin, brings this action under the **Federal Tort Claims Act, 28 U.S.C**. Statute 1346(b), ("FTCA), and the California Government Tort Claims Act, California Government Code Statute 810 et seq. ("CGTCA"), against The United States Navy, Ames Research, Moffat Field, CA and the United States of American ("USA") for their failures to perform mandatory duties, and/or negligent acts and/or omissions of their officers, officials, agents and/or employees that resulted in constitutional deprivations; general negligence with minting "custody of Plaintiffs" private data.   The data breach included but not limited to unapproved collection, dissemination and inspection of "private individual/family facts," which categorized as "no-need-to-know-- needless government retrieval." The series of events carried out by the Defendants, officers and agents of the US government resulted in character misrepresentations.  The unlawful intervention destroyed fair employment, labor and economic advantages, created "the worst storm for maintain health thriving livelihood"…worst of all family alienation repercussions.

2.        Late Fall of 1979, Defendant's Agent Mr. Jack Henry Glazer ask if I could attend a military reception?  I confirmed yes (set on meeting other USNR).  The Defendant's officer and agent "neglected to respect his "military" position," mislead other military officers under his leadership by designing a "ceremonial hazing."   Three officers who were invited show-up (dressed blues" ties and spit shined shoes).  The Navy Officers acted negligently, carelessly, and/or unlawfully in the course and scope of their military statuses.  Four men taking a woman to the edge of San Francisco, ocean across highway (three bagpipers and instruments?). Dry yellow bushes/brush over everyone's head dead bottles and cans (perfect scenario for

assault/abuse).  Within a few minutes a "camera showed up" in the hand of the Defendants, Officer Mr. Jack Henry Glazer...

3.  Summer 1980 during canceled United States Naval Reserve (USNR) activities.  This association was unsavory; According to Mr. Glazer "all white women were very dishonest" and (at that time his project was to prosecute a "black women for her determination to sit by a federal window for many years."  If I wanted to meet a "Ted Bundy" type...Jack Glazer would not be the one.

4.  January 20, 2014, Plaintiff submitted names, addresses and telephone/contact information to the Department of Justice.  To date the Department of Justice has failed to report, respond and/or offer any "information findings" motives for any all state, local ...federal general damage violations caused by their agent (the Decedent, Mr. Jack Henry Glazer) who repeatedly in his position of federal employment violated federal judicial standards?

5.  Under the Equal Protection Clause of the U.S. Constitution and, sabotaged employment and unfair Labor violations, do qualify for the same equal protection "investigative customer care" when issues are "ripe "for discovery regarding any evidence of fact(s).  Including but not limited to discovery, tapes, cd, DVD pictures...etc.) As a direct result of the wrongful acts and/or omissions of Defendants and their agent Jack H. Glazer, Decedent.


**II      STATEMENT OF RELEVANT FACTS Of**

6.  During summer 1980, while employed at EDS Nuclear...San Francisco, California the Defendants Agent made contact (during my employment with this company).  ?   A few other companies (not all), the Defendant's Agent contacted; Modern Mode Furniture, Bay Area Rapid Transit, University of Chicago Hospitals (various departments),

Illinois Institute of Technology, After 911, United Airlines Maintenance and Controls (pretty close to SAMC, air traffic control towers).

7.      The social security number misuse your Honor has caused a mess in the Plaintiff's life.  The "government's permanent possession" with respect to my consumer *phone records...toll billing information* AT&T, Pacific Telephone and Telegraph, intercepted and pulled every month.  Employment Development records intercepted every month intercepted and pulled every month.  The violations are in direct contravention of federal and/or state law and in excess of their authority. **California Civil Code sections 1798.29 and 1798.82 require bus. And gov't to if ...reasonably believed to have been, acquired by an unauthorized person or use. California penal code sections 630-638**...recording of private communications by telephone, radio telephone, cellular radio telephone, cable or any other device violation penalties of up to $10,000.  Electronic Eavesdropping by state law enforcement officials requires the approval of a Superior Court Judge.

8.      The Agent, continued not only the "wide-reach paper sweep," Mr. J. H. Glazer apparently studied facts regarding my parents dissolution, planted in his mind that I needed to be informed about the fact the Mr. Lee A. Stricklin, Jr. "is not my biological father." DMV...records...college records, retirement records of grandparents, criminal activity, father Lee A. Strickland, Jr. and brother's military records, maternal side Whilamina Ashford. Violating **Freedom of Information Act (FOIA), violate Privacy Act of 1974 (5 U.S.C.S. Statute 552a)**.  All refer to government "records" or "information contained in government "records." As that term is defined 5 **U.S.C.S., Statute 552a (a) (4**.

9.      Stalking was a big part of the operation and "investigators."  If I was socialized with anyone, laughing and speaking...their personal DMV, possible photo taken.  The

Defendant's officers and agents proceed to call property managers, landlords and real estate companies (anyone I paid rent to). Even grocery/family cleaners... small business owners. The Defendant's agent escalated activity...made attempts at constructing "Notice of Evictions." United States Postal Service couldn't do anything about mail being removed from residence box. During 1986/87, I pick up a simple "Restraining Order–completed the paperwork and filed the facts Oakland Superior Rene C. Davidson,

10.        The calls were never in good faith and continued for many years embarrassing "public disclosure." Mr. Jack Henry Glazer made character misrepresentations, with intentional false light statements (omissions with the requisite degree of scienter). See **Kinsey v. Macur (1980) 107 Cal. App. 3d 265, 165 Cal. Rptr. 608 107 Cal. App. 3d 265, 272.** *I never introduced Mr. Jack Henry Glazer to one person.*

11.        Public disclosure and false light torts, unconnected many exaggerated lies either professionally or socially except for their acquaintance with plaintiff **(107 Cal. App. 3d 265, 272.** The big issues was my financial, myth about being a "job hopper," unreliable, disloyal. Being as intimidated about females, the Defendants officer and agent attempted to file police reports...and wanted people to think I robbed him. The type of public disclosure Tort...which should remain private...some of the information might offend and be objectionable to a reasonable person of ordinary sensibilities. See **107 Cal App. 3d 265, 272** (all of the torts for invasion of privacy must be accompanied by publicity in the sense of a communication to the public in general or to a large number of persons **(107 Cal. App. #d 265, 270).**

As an appreciation gesture I purchased a "space pen" from a local stationary store in Berkeley, CA during '79. Only $8.00 just to say I enjoy the reserves all ok let's is friends. Another military exercise was visiting a cadet at the Vallejo, Maritime Academy; I purchased a

five pound box of "Godiva Chocolates" ($35.00 bucks), only for this particular Cadet to warn me

not to try anything.   And Jack H. Glazer, warned me not to try anything.  AND I WILL NOT BE

THREATENED BY ANYONE.  In attempts to move the Defendants along I lost that battle!

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION (General Negligence)**

Privacy

12.        Transgression of and violation of the Privacy Act (including monthly

possession of identifiable information)  is  "Strict Liability injuries" see **Privacy Act of 1974,**

**(5U.S.C.S. 552a),** state and local agencies violations of the Information Practices **Act of 1977**

**(185.20, 185.31**…agencies maintenance of its records violated requirements of the Privacy **Act**

**of 1974 or Information Practices Act of 1977).**

Unfair Business, Labor and Employment Competition

13.        As the direct result of calling places of employment, industries and firms

who have contracted with "Plaintiff" and economic interference, interference with economic

relationships and interference with formation of a prospective future advantage  (over the

wrongful 24 year period).  This Claim does require the "existence of a duty" for unjustifiable

interference.  The right to enter into and perform lawful contracts was guaranteed at common

law. **See: Prosser, Supra Note 2 Statute 129, at 915;** also see general **NOTE Intentional**

**Interference with Business Relations, 3 Rutgers L. Rev. 277 (1949)** (tortious interference with

contract upon protection of established business relations and contracts which, if combined,

become protectable property rights as distinguished from possessory and title rights).

14.        The harm has taken great toll because of the "indeterminate amounts (loss of work, benefits, health and high level of added-on, multiplied by stress factor, depression because of business interference). See the tort of intentional or negligent with prospective economic advantages imposes liabilities…improper…disrupting…which fall outside…fair competition. (**Settimo Associates v. Environ Systems, Inc. (1993), 4 Cal. App. 4th 842, 845 [17 Col. Rptr. 2d 757]**, internal citation omitted.

15.        for an indeterminate time the covered period.  See **Seely v. White Motor Co. (1965).  East River Steamship Corp v. TransAmerican Delaval Inc. (1986) and Dillon v. Legg 68 Cal. 2d 728 (1968)** As my own bystander that has suffered (at the hands) by misconduct of a negligent tortfeasor can recover for negligent infliction of emotional distress (duty of care and foreseeability).

### SECOND CAUSE OF ACTION (Public Entity Negligence)

Defendant USA - USN

16.        Plaintiff alleges, that at all times USN hand a mandatory duty to control the activities of USN, and the activities associated through Naval Militia operation.  The offense of naval "hazing" of women by Defendant's official and agent Mr. Jack Henry Glazer is the overt act of Dereliction of Duty under military standards, **United States Code Title 10, Section 892, Article 92.**  Officers, Officials, Agents and/or federal executive public workers disrespecting government issued insignia for "military hazing and private citizen hazing."

17.          The whole act was a measure of pressuring, and the addition of a camera; videotape recording see **Albright v. United States (D.C. Cir. 1980) 631 F.2d 915, are discussed in Statute 185.32[3] [b].** The alleged record was a video tape recording of a meeting in which plaintiffs had participated. The court of appeal held that the videotape was a record for purposes of the Privacy Act, as defined in **5 U.S.C.S. Statute 552a (a) (4).** The court stated that as long as the tape contains a means of identifying an individual by picture or voice, then it falls within the Privacy Act's definition of the term record.

18.          The hazing was discrimination and disparaging based on "my gender and race status, in **violation of 42 U.S.C. 1981,** it was the onset of future extortion…blackmails intimidation. The conduct was egregious and vacated the military professional standards.

Defendant USA - AMS

Ames Research Surpassing SES Authority, Discretion and Misuse of Non Public Information, Government and Time by an Employed Official Mr. Jack Henry Glazer

19.          Ames Research Moffat Field, must be a place of peaceful conduct, but with your senior executive (SES) but all seasoned credentialed federal executives should know the appropriate protocol with all levels of data.  According to the Astrogram Newsletter, the late Mr. George Lanahan (of Prune dale, CA) succeeded Mr. Jack Henry Glazer.

20.          Suitability has the meaning and coverage in **Federal Register, Vol. 73 No. 128 Wednesday, July 2, 2008 5 CFR Part 731**"Work-related misconduct protocols." The whole-person factors is alive and important…and can bar federal employment, see **CFR 731.202 (suitability) and 5 CFR 302.203 (fitness).**

21.        **28 U.S.C. Statute 530 B,** ethical standard for attorney for the Government…a) An attorney for the government shall be subject to state laws and rules and local federal court rules…governing attorney in each state where such attorney engages in that attorney's duties, to the same extent and in the same…**b) 28 C.F.R. Statute 77,** Ethical standards for attorney for the government.

22.        It is right and just for the American public to expect protection under the Civil Service Act, and necessary for Office of Personnel Management (OPM), Merit Systems Protection Board (MSPB) and all departments to impose safeguards.  **According to Federal Week, June 18 2014…the Veterans Administration has taken a position that federal protection for senior executives are too strong … Agencies are unable to remove SES personnel when quick removal may be warranted.  Specifically, Section 359501 of Title 5 of the Code of Federal Regulations (CFR)** states that an agency may remove a career appointee from SES after … final rating of unsatisfactory.  In addition, the removal from the SES for reasons relating to his/her performance as a manager, a career senior executive can be removed from the federal service, not just the SES.

Mitigate the Issue of Qualified Immunity

23.        One thing for sure is none of us need to be here.  Let's not waste time and keep in mind Discretionary and/or qualified immunity required "good faith."  Mr. Jack Henry. The misconduct of the above officer violates "clearly established" constitutional rights of which a reasonable person would have known. In the claim the Defendant's, officers and agents have no benefit of the doubt, they did not **defend the law according to Matthew Hall…article in the Fordham Law Review.  See generally Hall; supra note 9, Standing of Intervener-Defendants in Public Law Litigation, 80 Fordham L. Rev. 1539, 1564-66.**

24.             Their failure to uphold the constitutional rights of private citizens THROUGH FEDERAL CIVIL SENIOR EXECUTIVE ADMINISTRATION and reject "the public interest" of "data custody privacy and disclosure control" violates the American Bar Association (ABA) rules of professional conduct.  Including but not limited to Rule 6-101  failing to Act Competently, habitual or reckless disregard.  The **1992 version of Rule 5.7** and amended **(rescinded in 1994) 5.7 Responsibilities Regarding Law-Related Services**…the main rationale of Rule 5.7 is to encourage professionalism…have some measure of legal mentoring, guidelines of "no legal services…lawyers serving as fiduciaries of trusts…judicial positions. See **Grove v. State Bar of California, 66 Cal. 2d 680, 58 Cal. Rapt. 564, 427 P.2d 164 (1967), Grossman v. State Bar, 18 Cal. 3d 125, 132 Cal. Rptr. 675, 553 P.2d 1147 (1976), Doyle v. State Bar, 15 Cal. 3d 973, 126. Cal Rptr. 801, 544 P. 2d 937 (1976)**

<u>Actual Facts to This Case and Suspicions</u>

25.             While residing in Chicago, Illinois one senior counsel suggested the Jack Henry Glazer used the Navy to fly under radar; possibly an alias involved with ventures of direct exploitation of women and children.  One unfortunate concern is at Illinois Institute of Technology dorm, my residence, I received a call from a "male child possibly of age 3 or 4 years of age (at least six weeks earlier…I visually dreamed of a small male child being carried inside of 35/37 White Street, SF, CA.).   For a fact I allege pedophilia, pornographic possible manufacture, production and sale under an alias is consistent with this Defendants officer and agent (for many years flew under the radar in uniform).

26.             Tailgater, riding coattails, snaring based on gender and youth with the federal government as a weapon for personal gain.  Expecting people to "accommodate and host

27.         During his illustrious life no doubt a good women came along.  However it's shows real quick when people have been in bad company.  Every woman he married had a "divorce date before their marriage licensed dried."  My experience with the Defendants agent is he waited four plus months to say "only the Navy" were aware of his nine or ten plus marriages. My thought in every relationship and business encounter, the executive civil service employee and USN military officer used government owned investigative equipment, government owned apparatus inappropriately…unknowingly to the Department of Justice and the Department of Defense. **DOD 5500 7-R,** Identity Theft, abuse and use of government records, personnel social security numbers, unofficial use of private residence, business – commercial…for gain is illegal and unauthorized.  Official duty use of records does exist.

28.         The tort of negligent interference with economic relationship arises only when the "Defendant(s)" owes the "Plaintiff a duty of Care **(see Himandri v. Judkins (1997) 52 Cal App. 4th 326, 348 [60 Cal. Rapt. 407, 598 P.2d 60].**  The USN uniform for years coupled with "military covered-up of true lifestyle," is reasonably foreseeable written disciplinary action which ended up in the "shredder" (espungement adverse actions , removal of letters of counsel, helped carryout misconduct and divorces for many years.).   business ventures when constitute adult pornography, also involved with sale, support of distribution of obscene matter and also during my stay in Chicago, Illinois 1990, received a call from a 3 or 4 year old male kid who "I suspect was being babysitted by Jack Henry Glazer and experienced child molestation?"

### Statute 5:2

**The Attorney's Estate, Legal Malpractice 2012 Edition by Ronald E. Mallen of the California Bar and Jeffrey M. Smith of Georgia Bar, V1-Pt.3, Chapter 5 Vicarious Liability:**

Legal malpractice claims, however, are more likely to be brought after the attorney's death then ordinary tort actions, because many errors made by attorneys are not discovered or don not manifest damage until years after the date of wrong.

Equally accepted is the proposition that a cause of action founded upon contract, express or implies, survives the attorney's death. Injuries sustained in a legal malpractice action rarely are to one's person, but to a property right or an economic interest. Legal malpractice actions; have been held to survive the attorney's death expressly and implicitly.

Statute 5:3, Page 440: a law partnership and its members are liable for a tortious wrong or a contractual breach committed within the scope, or apparent scope, or the agency by one of its member. That scope does not depend on whether the partner intended to benefit the partnership.

## Conclusion

29.      As a direct and legal result of the wrongful acts and/or violations of abridged privacy wrongs and privacy disclosures, unfair labor and employment interruptions, and disrespect of the Constitution; the Defendant's Officers, and Agents...may have attempted to do a "soft...KILL." The repeated patterns, predicate misconduct was extortion, trafficking and excessive force of extortion. The Plaintiff further alleges these acts are consistent with Violence against Women. The Violence against Women Act was renewed in 2000, 2005, and 2013. Consistent with Jacob Wetterling Crimes.

30.      The Plaintiff has also suffered damages for the Defendants, officers, and agents non-enforcement of suitability determination and fitness determinations (CFR 731.202) and (5 CFR 302.203).

31.      Your Honor, I respectfully ask to pursue all "Tort" remedies. Where there is no remedy and/or effective alternative remedy...I as "Plaintiff" might not have another way to litigate and may have an otherwise non-existent cause of action against the individual Defendants that may require a "Bivens Remedy" based on 1) Defendants intention to vindicate "Plaintiffs" deceased Mother 2) Plaintiff experiencing "hazing" and use of the

military…Dereliction of Duty.  Plaintiff further allege that the Defendant Mr. Jack Henry Glazer

used the military and government to the greatest disadvantage attempted to secure "physical

relationship" and used "Plaintiffs"  race and gender, for excessive extortion, sextortion and

trafficking as he did with his "career serial marriages."  The Defendant's has admitted sexual

orientation issues, and "Plaintiff" can verify all facts of Mr. Jack Henry Glazers commitment

with the same sex, officially documented on Mr. Jack Henry Glazers DD-214.

32.        This who personal direct avalanche of damages that was manufactured

toward the "Plaintiff" has caused unbelieveable grief, anxiety, mortification, shock, indignity

especially in the false light characterization.

33.        And a futher direct and legal result of general strict liability, entit;y

liability and legal result of the wrongfull acts and/or omissions of the Department of the United

States Naby and Ames Research and each of them, "Plaintiff" Alivia J. Stricklin suffered loss of

family, loss of society, solace, companionship, comfort, care, assistance (past and future

enstranged protection) affection and family moral support, all in an amount to be determined.

**Prayer for Relief**

Plaintiff ask for settlement of the initial demands one (1) and two (2), and or settlement

agreement to cover all presented damages dated January 3, 2017; subject regarding "Government

Non-comply with Federal Tort Claims Investigation and Final Demand to Settle, attached.

And any other remedies the "Court" feels is fair and just.


Dated this [day] of [Month], [year]


Alivia J. Stricklin,          8-15-2017

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Claims & Tort<br>Office of Judge Advocate General<br>1322 Patterson Avenue, Suite 3000<br>Washington Navy Yark, D.C. 20374-5066 | Alivia Stricklin (Mailing)<br>P. O. Box 1495<br>Monterey, California  93940 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>04/21/1951 | 5. MARITAL STATUS<br>single | 6. DATE AND DAY OF ACCIDENT<br>10/1980 — 6/2004 | 7. TIME (A.M. OR P.M.)<br>AM and PM |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

A. US Attorney (Mr. J. H. Glazer) in line of duty (U.S. Navy) and during course of employment (Ames Research) recruited into USNR .. committed identity theft(SSN),  the subject perpetrator launched a 24-year extortion and blackmail campaign regularly, which resulted in work-labor...employment disparaged termination, hostile work, loss economic gain/debt.  Gov't records (skip trace, record sweeps, equipment/trackers, computer) disclosure of private facts. Violation of Civil Rights 1964,1968, 1991, CA privacy law, ultimate abuse extortion and blackmail, combat Human Trafficking, violence .. duty to protect?

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Extortion and Blackmail, employment, agency contract, family-friends alienation (avalanch of debt incurred, health setbacks)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Property in custody of OIG, effective January 20, 2014 Investigation currently in neglect under Title 28 Sec. 2675-due process?

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Tort negligence injuries with communication deceptive and false light (former employers, creditors, contractors). Believed, Mr. Glazer was vindicating incidents of mother's earlier life ~~treated gate failure?~~ Fraud military ceremonies, pictures to blackmail. Worst family alienation, associates (college, high school) OIG Report s/b conclusive and affirm. Carried out during defendants scope employment.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | One-Hundred and Thirty, plus witnesses | Information privided and in custody of Office of the Investigative General |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>586,349.00 | 12b. PERSONAL INJURY<br>1,250,000 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights).<br>1,836,349 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*[signature]* | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>831-392-6368 | 14. DATE OF SIGNATURE<br>01/03/2017 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| 15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No |
| --- |

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount. |
| --- | --- |

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.) |
| --- |

| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No |
| --- |

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

# *Employment*

### Phases One through Three

## Phase I

| Year | Business Name | Address | | Department Head | Comment |
|------|---------------|---------|---|-----------------|---------|
| 1979 | Pacific Telephone | SF/Oak | 8 years | | No Interference |
| 1980 | Hyatt on Union Sq | San Fran. | 1 year | | No Interference |
| **1** 80-81 | Lona and Bruce Jensen | Post Street, SF | | Lona Jensen Principal | Temporary Placement |
| **2** 1981 | EDS Nuclear | 220 Montgomery St Co. moved fm. SF to Walnut Creek | | Randy Broman, Mgr. Kathy Schmidt, Admin ***Ellen Gilmore, Admin***-first (lived Oak. CA many yrs.) | From temporary to Perm Interference, created Mr. called several days, Truly adverse, obscenity Forced transfer/forced Resignation. |
| **3** 81-82 | Hallmarc Temporary | Agency | | **Ann** Principal | Temporary Placement Contract worker: AC Transit – Oak Safeway Corporation Several small jobs, Mr. Glazer apparently, believes In "Paycheck tampering" Problems with receiving Pay on time. |
| **4** | Modern Mode, Inc. | San Leandro, CA | | **John Estes** Purchasing Director **Tom Barber, Co. Gen. Mgr. or VP** | Speak w/Mr. Estes or Barber |
| **5** | Interstate Consolidation | San Francisco, CA | | **Mr. Jim Martin, VP** Charlene Martin, Sister | Secretary for J. Martin Roseville & LA Offices |
| **6** | Bay Area Rapid Transit | Oakland, CA | | Dept. of Real Estate **Michael Sharpe, Director** Worked Directly for **Trackmaster** 1984 | Temporary Placement Temporary |
| **7** | **Cetus** **Chiron Corporation** | Emeryville, CA | | **Engineering-Hilda** Administrative Staff | Temporary Placement |



**8** **1988   Illinois Institute of Technology**

**Employment**

Phases <u>One through Three</u>

## Phase II

| | | |
|---|---|---|
| | **Dr.  Hassan Nigib**<br>Department Chair/Emeritas<br>John T. Retaliatta Professor | Secretary Employed<br>***(Must speak with)*** |
| | Mechanical & Aerospace Eng. | **Dr.  John Way**<br>Dr. Paco Ruiz<br>Dr. Dr. Bonthron |

**9** **Robert Morris College**

State Street
Chicago, IL

**Vincent, Director Edu.**

Part-Time
Telemarketer
**(must speak with)**

**10** **Illinois Bell Corp (Ameritech)**

225 W. Randolph St. Director

**Patricia Sturman, Executive**

Temporary Placement
**(must speak with)**

On January 2003,
SBC changed dba name to
SBC Technologies
Previous The Illinois Bell Bldg.
Ester Pat's Secretary

**11** **Strategic Radio Research Inc.**

**Patricia Oliphant**
Chicago, Illinois
Resident of Chicago
IT/ Manager-Supv.

Permanent Placement
promoted by Patricia
***(must speak with)***

**12**   University of Chicago Medical Center



Duchossois Center for Advanced Medicine

(A.) <u>*Obstetrics*</u>

Temporary Placement

A1.  Indo Infertility – Sharon Nelson, Sec.

A2.  OB Gyn

(B.)  Gastrointestinal Disorders

**Dr. Eugene Chang**

OIG- Glazer Matter

Confidential

24 December 2013

(C.) Child & Adolescent Psychology

**Dr. Leventhal, Chairman**

Dept of Psychiatry &
Behavioral Neuroscience
Worked as Temp Secretary under Dr. Leventhal's
Assistant.

*New Chairman: Emil F. Coccaro, MD*
*Ellen C. Manning Professor, Chairman, Dept. of Psych*
*And Behavioral Neuroscience*

D.   Pathology, Wordprocessing Group

Jean harris, Secretary 5841 s. Maryland Ave. MC3077
Chicago, *Ilinois*

**13** 2.  **Northern Trust Bank**

Risk Management Department
(Maturnity relief support)
50 S. LaSalle Street, Chicago, IL

Temporary Placement

312-630-6000



Northern Trust Corporation
801 S. Canal Street. Chicago, IL

312-557-0414

Secretary Risk Mgnt. Dept

*(All I have to say*
*The worst ever*
*Talk about phones*
*Going off, crying*
*And a sinking*
*Ship...when*
*Mr. Glazer called)*

Employment (1999 – 2003)

**Phase III**

**14**  **United Airlines Maintenance Operations Center**
San Francisco International Airport
South San Francisco, CA

**SFOOR**

Maintenance Planning Analyst

Swing Shift, Control Ctr.

**Mr. Mark Preprich**, Manager

**Mr. Ken Lewinski**, Foreman

Night Shift

**Mr. Nelson Galindo**, Mgr.

OIG – Glazer Matter
Confidential
24 December 2013

| Extra-curricular Involvement | Page 19 of 27 |
|---|---|

## *1980 through 2004*

## Community, Health Politics, School, Worship, Travel

Phase 1

**15**

Wheatly for Superior Judge, County of Alameda
Bonnie and Horace Wheatly
Oakland, California (residence of Oakland)
*Volunteer to work Campaign during 1984*

Please follow-up
w/Bonnie W.

Phase 2

**16**

*TJ's Restaurant*  (The Flamingo Apartments)
5500 S. Lake Shore Drive
Chicago, IL

773-752-3800
773-752-4335

(Ask to speak with **Homer**,
Employed for Coca Cola or Ret.)

(Ask to speak with **Mr. Al Palmer**)
Atty. City of Chicago

*Female Bartender at TJ's*
(been there many years ask to
Speak with her).

**17**

**Paula Tillman Attorney**

**Employed with Cook County Public Defenders Office**

**Suite 400, 200 W. Adams Street**

**Chicago, Il 60606-5215**

**312 609-2040**

**(Board Member – Leadership Greater Chicago)**

**233 No. Michigan Avenue, Suite 2420, Chicago, IL  60601**

*Volunteer to work campaign 1995*

312 609-2040

| Churches |
|---|

1.  St. Philip Neri Church     2132 E. 72nd Street     Chicago, Il

773-363-1700

**18** 2  St. Edmunds Parish     Oak Park, Illinois     Speak w/*Kathleen halfpenny Music Director* (only please)

khalfpenny@stedmund.org

| Doctors |
|---|

**19** Dr. Mona Moy, DDS     506 Estudillo Avenue     510 483-1616 (FAX) 510-483-3828

San Leandro, CA  94577 (Speak w/Mona)     email:  info@monasmiles.com

Dr. Nelson

| Property Managers/Residence(s) |
|---|

*South Shore Beach and Tennis Club*

Alameda, California

*Green Victorian House* (Green)     **20**     Current Owner: **Felix Realty**

636 Central Avenue       Previous Owner:  Norman Stenberg

**21** *Oak Park Residence Corporation*     Rented: Pleasant/Kenilworth Bldg

21 South Boulevard, Oak Park, IL       Affiliated with Housing Authority

Marge Greenwald, Secretary

Nancy Leavy

Jennifer Skatman

Edward Solan



(708) 386-9322 or 6061

22 *Del Prado Apartments*

Between E. 53rd & E 54th Str

*Neighborhood:* Hyde Park

Kathy, Leasing Agent

773-548-5077

*Mr. Glazer conspired to arrange a "Eviction"*

23 *Moved into Berkeley Downtown YMCA*

*Help Grandfather, get to bottom of this problem*

Upon return from Chicago, <u>November 1996  out May 2004</u>

Bob (Robert) Dixon, Director, phone system

*is hotel property...Mr. Glazer continued to skiptrace*

and/or arranged w *Mr. Bob Dixon* All phone activity for room 425



1 Min Tracking 2 Wk Battery
**Spark Nano 4.0 GPS Tracker**
Meet the new and improved version
of our most popular GPS tracker -
the best way to monitor people, ...>>
$199.95
Sale $149.95

Thurmon Barnes, Residence Mgr.

2001 Allston Way Street

Berkeley, CA



**A Place to Stay Since 1910**

Since 1910, the Berkeley YMCA Hotel has been providing modestly priced and comfortable accommodations for visitors in the heart of Berkeley – just steps from shopping, restaurants, theaters, public transportation and the University of California.

The YMCA Hotel welcomes a diverse mix of guests from all over the world: visitors to Berkeley, international students, families visiting Cal, former Berkeleyans returning for a visit, future Berkeleyans checking out the town, visiting scholars and technicians, and YMCA members from other states and countries.



*Family Friend(s),* Senior person,

Friend, of Mr.  Grandfathers Mr. Lee A. Stricklin, Sr.

### 24

Quickly, *Ms. Odessa Sanders* grew close to the Strickland family couple years after Mrs. Strickland died.  Called me in Chicago on a few occasions regarding my grandfathers' Parkinsons issues.   She knew he needed me and, essentially prayed for my return.

Mr. Odessa Sanders, is a very supportive family friend.  She agreed to hold a few personal items.  One happen to be a $4500, dollar mink coat I had purchased in Chicago (few years back).  I suppose between September 30, 1996 (the day I took Amtrak back to California) and 2002, Ms. Sanders received a call from Jack Glazer.

Today, like everything else...never received my "mink coat" back.  Never heard from Odessa Sanders again.  (The picnics and dinners I prepared for her and my grandfather—those experiences ...I carried about her dearly).

Ms. Sanders was truly a good family friend.  Ms. Sanders was in her eighties but, extremely sharp in the mind.  Quick thinker for an older person.  No confusion, no senior moments.  Most positively not malice nor dark side to her character.  Real strange sound the last time I spoke with her.  *He voice was really shaking and she "said I fell on the floor (85 yrs. Old), can't speak with you right now." (As if she was in shock).*

Ms. Sanders lived on Alcatraz Street in Berkeley for years (Sacramento & Alcatraz side/next to liquor store).  Eventually she moved in with son (Chiropractor, **Mr. Milton Sanders w**here she might be residing if not deceased).

### 25

**Past Travel  Associate,**

**Cruise Travel with Group Before 1974**

*Wendolyn Elam* (might be married – Twin Gwendolyn)          Parents Owned travel business Oakland, CA.  Accidently mention Ms. Elam and our Carribean cruise in the prescense of Mr. Glazer?

### 26

**Part-Time Work Oakland Berkeley**

Before I even Met Mr. Jack Glazer – PT Secretarial help/Will Stevens 1974 or 1975

four years before I met Jack Glazer

Accidently, spoke of a weak employment gig... a **"Wil Stevens, President of Stevens, Banks & Co.  out of Oakland California."** (Not friend & couldn't pay his bills, but was a Harvard Grad). I stayed with the company a few months as Secretarial Help (while working with Pacific Bell Telephone).   Mr. Stevens received a grant to produce a series of seminars for State of California Office of Housing and Fair Employment. *Mr. Stevens may have received some type of communication from J. H. Glazer.*

| Family Matter: |
| --- |

## <u>Maternal Side</u> – Shelia can provide names/adresses

*27*    1500 Dwight Way Street, #

Berkeley, CA

Each situation is private. One doesn't need to know what the other is saying, however whatever they volunteer needs to be heard.  Speak with One Auntie, Ms. Shelia Ashford.  Say "Alivia informed us you can provide addresses and telephone/cell contact for the following people (have paper and pen available)!

Sisters: *28*   **Marva Johnson,** Oakland CA

*29*   **Mija Burroughs,** Benicia (Vallejo) CA

Aunts:  *30*   **Elenore Howard,** Oakland California

*31*   **Lyngell Ashford**

Cousins: *32*   **Chauncie Howard,** Property Mgr. John Steward

*(resides in Shelia's building)*

*33*   **Kenneth Howard**

*34*   **Mr. Billy Howard** (Separated from Elenora)- privately speak w/him

## <u>Paternal side:</u>

Cousin *35*   **Margurite Stricklin,** State of California, Attorney General Office, Clay St. Oakland, CA

Cousin *36*   **Marshall Stricklin** (in most cases live with mother Margaret, Citrus Heights area (Margurite will furnish...must speak with them).

*37*   <u>**Margaret (Margurite's mother)**</u>  have my cousin give you Margarets address

Ms. Margaret (divorced in-law, prepared ltr. O f Recommendation for USNR).

*38*  **La Gertha Smith** (Good Cousin and person)

<u>*Administrator for Berkeley Housing Authority*</u>

1300 (block) Hearst Street, Berkeley, California

*39*  **Theodore Robinson** (step-brother/father's son)

Richmond, CA *(Tebow, refuses to speak to me)*

OIG – Glazer Matter

Confidentia

24 December 2013

Page 24 of 27

**Names Phase I**

## *Associates*

| | LAST | First | Age | Address | Comments/Occupation |
|---|---|---|---|---|---|
| 40 | Andrews | Gerell | 60+ | Oakland, CA | Fitness Instructor, Skyline High |
| 41 | Bell, | Shelia | 61/62 | Berkeley, CA | (Berkeley grade school - friend) |
| 42 | Booze | Variane | 70's | Berk/Oak/Emeryville | Might be kin to Cortland Booze |
| | | | | (Auto Repair Owner) | Gladys Marie Booze |
| 43 | Bradley | June | 60's | Edmonton, Alberta | Office Worker Prison System |
| 44 | Donohugh | Sean | 60's | No. CA/Sacramento | Corrections Guard, State of CA |
| 45 | Forte | Napoleon | 64 | Oakland, CA | Banking, Finance – Semi/Ret. |
| 46 | Golfdein | Gary | 68's | Los Angeles/West Hollywood | MBK to- (Tire Co. Owner) |
| | | | | | Linda Phyllis Goldfein |
| 47 | Green, | Judy | 60 | Married Dr. Green | (Maiden Name McNabe) |
| 48 | Hammond | Jerome | 49/50 | Vacaville, CA | Correctional Guard, Vacaville |
| 49 | Ihouhimi | Ohemi | 60's | San Francisco | Engineer United Airlines |
| 50 | Jones | Orland | 60's | Oakland, CA | Physics Lawrence Berkeley Lab |
| 51 | Merriweather | Joanne | 60's | Berkeley, CA | Retired |
| 52 | Miller, | Carolyn | 60's | Ward St. Berkeley, CA | (Grade & High School Classmate) Retired |
| 53 | Perris | Colin | 39/40 | UC Berkeley Grad | From (might be E. Coast now) Trinidad, PhD |
| 54 | Phelps | Juan | 60's | Berkeley, CA | City of Berkeley HR Analyst |
| 56 | Shipman, | Ronald | 60's | Berkeley, CA | Retired (Hight School classmate associate) |

| 56 | Rutland, | Doris | 70's | Fremont, CA | Retired, Social Worker- City of Oakland |
| 57 | Rutland, | Sam | 70's | Fremont, CA | Alameda Govt. Worker |
| 58 | Veasey | Marianne | 50's | Alameda, CA | United States Naval Reserve |
| 59 | White | Janis | 60's | Alameda, CA | Realtor Restaurant Industry *Lived in South Shore Bch & Tennis Alameda, CA* |
| 60 | Williams | Bill | 70's | Alameda, CA | Florsheim Shoes, SF-Salesmen (Post/Stockton, now Arthur Beren Shoes 222 Stockton St 415-397-8900 544 Central Avenue, Alameda |
| 61 | Henderson, | Gordon | 60's | Berkeley, CA | Business Owner/Realtor |
| | | Victoria | | Alameda, CA | Norman Stenberg Bldg, (636 Central Ave. Alameda) |
| | | Al & Rob | | Alameda, CA | Sales & Marketing |
| | | Debra Realtor | | Alameda, CA | |
| 62 | Johnson, | Marcus | 50's | Oakland, CA | Merck, Sharp and Dome Pharm. Sales Rep |



## Names Phase II

### *Associates*

| | LAST | First | Age | Occupation | Address | Comments |
|---|---|---|---|---|---|---|
| 63 | Blassingame, | Mabel | 60's | Clerical Worker | South Holand, IL | (West Frankfurt, Il) Ex-Co-worker/Friend |
| 64 | Callahan, | Clyde | 70's | Local Govt. - Utility | Hinsdale, IL | Retired, Friend |
| 65 | Dixon, | Henry | 60 – 70's | ATF Agent, Fed. Gov. Emp | Chicago, IL | (Del Prado Apts) |
| 66 | Smith | Fred | 65+ | Gunnison, CO | Met TJ, Chicago | Relocated fm Chi |
| 67 | Smith | Jan | 60+ | Gunnison, CO | Fred's wife Jan | |
| 68 | Rheims, | Diane | 56-60 | Bank VP | Columbus, Ohio (Akron) | (Hoyes marriage) Divorced Norman Hoyes-Chi |
| 69 | Hooks | Kay | | | Des Plains, IL | Retired |
| 70 | Mary E (Edna) Parker | | 70's | Housewife | Le Grange, IL | Retired |
| 71 | Fred B(Benjamin) Parker | | 78's | Union Pacific | Le Grange, IL | |
| 72 | Prudeau | Francis | 70's | Retired | Chicago, IL South | Jerome Prudeau Son |
| 73 | Taylor | Marlyn | 70's | Retired Bus. Owner | Chicago, Il | Loop Downtown Might be deceased Son in Bollingbrook, IL |
| | Giselle, | Mortrey (French) | | | | |



OIG – Glazer Matter
Confidential
24 December 2013

OIG – Glazer Matter
Confidential
24 December 2013
Page 27 of 27

## Names Phase III

### *Associates*

| | LAST | First | Age | Occupation | Address | Comments |
|---|---|---|---|---|---|---|
| 74 | Jones, | Paul    (PJ) | 70 | Retired Chef | Ann Harbor, MI | Resident YMCA |
| | | Lester | 65+ | Retired | Phoenix, AZ | Resident YMCA |
| 75 | Murphy | Michael | 60's | | Berkeley, CA | Resident YMCA |
| 76 | Denis | Lloyd | 70's | Retired | Berkeley, CA | Resident YMCA |