UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALIVIA J. STRICKLIN, Plaintiff, v. UNITED STATES OF AMERICA, et al., Defendants. | Case No. 17-cv-04733-JCS<br><br>**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |
|---|---|

## I. INTRODUCTION

Plaintiff Alivia J. Stricklin, pro se, brings this action naming the United States of America, the Department of the Navy, the NASA Ames Research Center, and Jack Henry Glazer as defendants. The Court previously granted Stricklin's application to proceed in forma pauperis and now reviews the sufficiency of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the complaint is hereby DISMISSED with leave to amend. Stricklin may file an amended complaint no later than December 5, 2017.[1]

The case management conference previously scheduled for November 17, 2017 is **CONTINUED to January 26, 2018 at 2:00 PM** in Courtroom G of the federal courthouse at 450 Golden Gate Avenue in San Francisco, California.

## II. LEGAL STANDARD

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

---

[1] Stricklin has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). Because no other party has yet been served or appeared, Stricklin's consent is sufficient for the undersigned to review her complaint.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### III. ANALYSIS

Stricklin's complaint is difficult to follow. It includes conclusory references to, for example, "social security misuse" and "recording of private communications," Compl. (dkt. 1) ¶ 7,

2

stalking, *id.* ¶ 9, the right to contract, *id.* ¶ 13, hazing, *id.* ¶ 16, rules of conduct for government attorneys, *id.* ¶ 21, and the Violence Against Women Act, *id.* ¶ 29. It is not clear how the limited *factual* allegations included in the complaint relate to those theories or to each other. Such allegations range from an incident in 1979 in which Defendant Glazer allegedly took Stricklin to a remote location in San Francisco, *id.* ¶ 2, to mail being taken from a mailbox, *id.* ¶ 9, to Stricklin purchasing a "space pen" in Berkeley and a box of chocolates in Vallejo, *id.* ¶ 11, to Stricklin receiving a telephone call in Illinois from a young child several weeks after she had dreamt about a child being carried into a building in San Francisco, *id.* ¶ 25, to Glazer's alleged history of "nine or ten plus marriages," *id.* at 27.

As an example, the paragraph of the complaint addressing the 1979 incident in San Francisco reads as follows:

> Late Fall of 1979, Defendant's Agent Mr. Jack Henry Glazer ask if I could attend a military reception? I confirmed yes (set on meeting other USNR). The Defendant's officer and agent "neglected to respect his "military" position," mislead other military officers under his leadership by designing a "ceremonial hazing." Three officers who were invited show-up (dressed blue" ties and spit shined shoes). The Navy Officers acted negligently, carelessly, and/or unlawfully in the course and scope of their military statuses. Four men taking a woman to the edge of San Francisco, ocean across highway (three bagpipers and instruments?). Dry yellow bushes/brush over everyone's head dead bottles and cans (perfect scenario for assault/abuse). Within a few minutes a "camera showed up" in the hand of the Defendants, Officer Mr. Jack Henry Glaser...

*Id.* ¶ 2 (sic throughout; ellipsis in original). Although this is one of Stricklin's more specific factual allegations in comparison to the rest of the complaint, it is not clear what Stricklin alleges actually happened during the 1979 incident or how it relates to any theory of liability.

Even construing Stricklin's allegations liberally, the Court cannot discern any set of facts in the complaint supporting a plausible claim for relief. The complaint is therefore DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. If Stricklin wishes to pursue this action, she may file an amended complaint that, first, clearly and plainly sets forth all of the facts that she believes are relevant, and then separately lists each legal claim that Stricklin believes arises from those facts.

## IV. CONCLUSION

For the reason discussed above, Stricklin's complaint is DISMISSED for failure to state a claim on which relief may be granted. Stricklin may file an amended complaint **no later than December 5, 2017.** Any such amended complaint must include the caption and civil case number used in this order (17-cv-04733-JCS) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Stricklin's original complaint by reference, but instead must include all of the facts and claims Stricklin wishes to present and all of the defendants she wishes to sue. *See Ferdik*, 963 F.2d at 1262.

Stricklin, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance if she intends to file an amended complaint. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, California. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, California. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: November 7, 2017

JOSEPH C. SPERO
Chief Magistrate Judge